FILED
UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
FOR THE DISTRICT OF NEW MEXICO
04 MAY 12 AM 9: 35

CLERK-ALBUQUERQUE

**JOHNNY RODRIGUEZ,**

Petitioner,

v.                                               **CIVIL NO. 03-1347 RB/DJS**

**PATRICK SNEDEKER, Warden,**

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 2001-0705, No. CR 2001-0707 and No. CR 2001-0708 in the First Judicial District, Rio Arriba County, of New Mexico. In those proceedings Petitioner was convicted following a jury trial of one count of Trafficking in a Controlled Substance and pleaded guilty to two counts of Possession of a Controlled Substance, to wit: Heroin. In addition, Petitioner admitted having been convicted of four previous felony crimes. As a result of the foregoing, Petitioner was adjudged to be an habitual offender and was sentenced to a term of imprisonment of nineteen years, to be followed by two years parole.

2. Petitioner challenges his conviction and sentence on three grounds. His first ground for

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

relief is that insufficient evidence was presented at trial to support his conviction for trafficking in heroin. His second ground for relief is that statements that he was trafficking in heroin were improperly admitted without further evidence being presented to support the statements. His third ground for relief is that the trial court erroneously admitted evidence of his three prior felony convictions at trial.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to all of the claims brought in the instant petition. However, Respondent contends that Petitioner is not entitled to relief on the merits of his claims and has filed a motion to dismiss in support of that contention. The Court agrees that Petitioner's claims fail on the merits.

4. In examining the merits of Petitioner's remaining claims, the Court views the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably

2

applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). All of Petitioner's claims were considered by the New Mexico Court of Appeals on direct appeal.

5. As noted, Petitioner's claim that insufficient evidence was presented at trial to sustain his conviction for trafficking in a controlled substance was reviewed by the New Mexico courts. The New Mexico Court of Appeals held that sufficient evidence was presented to support that conviction based upon testimony that Petitioner knew or believed that the substance he handled was heroin, and testimony that the substance in question had tested positive for heroin, even though the actual drug was not presented at trial. Answer, Exhibit D, p. 2-3. In reviewing a *habeas* claim based upon sufficiency of the evidence to convict, the relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) cert. denied, 516 U.S. 1178 (1996). This standard is consistent with the decision of the New Mexico Court of Appeals. Further, sufficient evidence was presented at trial to prove that Petitioner trafficked in heroin.

6. NMSA 1978 §30-31-20A sets forth the elements of trafficking in controlled substances,

which includes "distribution, sale, barter or giving away of any controlled substance...or a controlled substance analog of a controlled substance...." NMSA 1978 §30-31-2 defines controlled substances, and includes opiates among the substances listed therein. The New Mexico Court of Appeals found that there was testimony presented at trial the Petitioner transferred heroin, which constitutes either the distribution, sale, or giving away of an opiate. Sufficiency of the evidence claims are evaluated with explicit reference to the substantive elements of the criminal offense as defined by state law. Kelly v. Roberts, 998 F.2d 802, 808 (10th Cir. 1993). Here, evidence meeting the substantive elements of the crime of which Petitioner was convicted was found to have been presented at trial. Under the federal standard for *habeas* review, Petitioner is not entitled to relief on this claim.

7. Petitioner's second claim for relief is that statements that he was trafficking in heroin were improperly admitted without further evidence being presented to support the statements. Petitioner asserts that his attorney requested that the prosecution produce the evidence they had against him, but that no evidence could be produced, leading the prosecution to "use statements of so called (sic) officials to fabricate evidence". Petitioner gives no further basis for his conclusory allegation that evidence against him was fabricated. Conclusory allegations, standing alone, are insufficient to state a valid claim for *habeas* relief. See, e.g., Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

8. Petitioner's third claim for relief is that the trial court erred in admitting evidence of his three prior felony convictions, denying him due process. The New Mexico Court of Appeals held that his previous convictions, admitted with an instruction that the jury should only consider them on the issue of Petitioner's credibility, were properly admitted. Answer, Exhibit D, p. 3. The previous convictions were for trafficking and racketeering and the state court of appeals found those charges were relevant to the issue of honesty or credibility in Petitioner's case. Id. at 4. Under Tenth

4

Circuit precedent. Petitioner may only obtain *habeas* relief for an improper state evidentiary ruling if the alleged error was so grossly prejudicial it fatally infected the trial and denied the fundamental fairness that is the essence of due process. Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir.2002). Federal courts have "long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." United States v. Haslip, 160 F.3d 649, 654 (10th Cir.1998). Accordingly, the decision of the New Mexico Court of Appeals is not contrary to clearly established Federal law and is entitled to deference. Therefore, Petitioner is not entitled to relief on this claim, either.

## RECOMMENDED DISPOSITION

That the Motion to Dismiss be granted, this petition be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE